IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CENTILLION DATA SYSTEMS, LLC, : | |
| : | |
| Plaintiff, : | |
| v. : | Civil Action No. 04-0866-GMS |
| : | |
| CITIZENS COMMUNICATIONS COMPANY, : | |
| : | **JURY TRIAL DEMANDED** |
| Defendant. : | |

## CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

**WHEREAS,** the parties recognize that, pursuant to discovery or otherwise during the course of this action, each party, as well as non-parties, may be required to disclose trade secrets or other confidential information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure, and

**WHEREAS,** the parties have, through counsel, stipulated to entry of this Confidentiality Stipulation and Protective Order ("Order") pursuant to Rule 26(c) to prevent unnecessary disclosure or dissemination of such confidential information,

**IT IS HEREBY STIPULATED AND ORDERED** that the following provisions of this Order shall control the disclosure, dissemination, and use of information in this action:

1. This Order governs the handling of all documents, records, tangible materials, testimony, responses to discovery and other information produced, served, disclosed or filed, whether voluntarily or through discovery or other proceedings. All documents and things produced by one party to the other in this action shall also bear identifying numbers.

2. (a) The term "Confidential Information" as used in this Order includes all information that a designating party reasonably and in good faith believes constitutes or discloses trade secrets or

117629.00166/40151291v1

other confidential research, development, marketing, technical, financial, personal, or commercial information that the designating party has maintained in confidence or is under an obligation to maintain in confidence. Confidential Information may be contained in discovery produced or obtained in this action. The Confidential Information contained therein and all copies, recordings, abstracts, excerpts, summaries, analyses or other writings that contain, reflect, reveal, suggest or otherwise disclose such Confidential Information shall also be deemed Confidential Information.

      b) The term "Outside Counsel Only" as used in this Order includes all information that a designating party reasonably and in good faith believes constitutes or discloses highly proprietary or *competitively sensitive* or highly proprietary information such as customer-specific marketing strategies, licensing information, marketing and competitive analyses and financial information that is or highly proprietary or *competitively sensitive*. If any party designates as Outside Counsel Only any information which the receiving counsel reasonably needs to relate to in-house counsel in order to obtain informed instructions on the conduct of this case, such receiving party will notify the producing party and the producing party will attempt to accommodate the receiving party's need to disclose the information. If the parties are unable to come to an agreement as to the treatment of the information, the receiving party may apply to the Court for relief. Outside Counsel Only information includes all information, documents, and things referring or relating to the competitively sensitive information described in this paragraph, including, but not limited to copies, recordings, abstracts, excerpts, summaries, and analyses of the foregoing.

      3. Confidential Information and Outside Counsel Only information shall be disclosed, disseminated, and used only for the limited purpose of preparing for and conducting this action and not for any business, commercial, scientific, competitive or any other purpose whatsoever.

      4. Confidential Information and Outside Counsel Only information shall be identified by the producing party or non-party by the designation "Confidential", "Confidential: Subject To

Protective Order", "Outside Counsel Only," or by a similar designation. Where such designation is made by stamping or similar means (including by oral designation transcribed or recorded), it shall be made by placing notice on the document, information, response to discovery, deposition or court transcript or record, information or document stored on diskette or otherwise in computer usable form, or tangible thing or object, in such a manner as will not interfere with the legibility or accessibility of the Confidential Information. Information so designated shall be subject to the disclosure restrictions of this Order.

     5.     In the case of depositions, designation of the portion(s) of the transcript (including exhibits thereto) containing Confidential Information shall be made by a statement to such effect on the record at any time before the deposition is concluded or by a statement in writing sent to all counsel within thirty (30) business days after receipt of the transcript. If the designation is made during a deposition, only persons to whom disclosure of Confidential Information is permitted shall remain present while that Confidential Information is being used or discussed. The reporter shall bind the transcript in separate portions containing the non-confidential information and Confidential Information. No copy of any transcript (or exhibits thereto) of any deposition taken by a party that is designated in whole or in part as Confidential Information shall be prepared or furnished by the reporter to any person other than to counsel for the parties. The parties may modify this procedure for any particular deposition through agreement on the record of such deposition, without further Order of this Court.

     6.     The parties recognize that, during the course of this action, there may be produced Confidential Information originating from a non-party to which there exists an obligation of confidentiality. Information originating with a non-party that a designating party reasonably and in good faith believes is subject to a confidentiality obligation may be designated in accordance with paragraphs 2 (a) and (b) and shall be subject to the restrictions on disclosure specified in this Order.

117629.00166/40151291v1

7. The following categories of information should not be designated as "Confidential":

(a) Any information that at the time of its disclosure in this action is part of the public domain by reason of prior publication or otherwise; and,

(b) Any information that after its disclosure in this action has become part of the public domain by reason of prior publication or otherwise through no act, omission or fault of the receiving party.

8. In the event any party or non-party discovers, after it has produced information, that it has inadvertently produced Confidential Information or Outside Counsel Only information that has not been appropriately designated in accordance with paragraphs 2 (a) and (b), the producing party may, within twenty (20) days of the discovery of such inadvertent production, designate the information in accordance with Paragraph 4 by a subsequent notice in writing specifically identifying the information and furnishing a reproduction of the misidentified documents with their proper designation, in which event the parties shall henceforth treat such information as provided in this Order, and shall undertake a best effort to retrieve any disclosure, dissemination, or use of such information prior to re-designation.

Documents already stamped "confidential" may be re-designated as Outside Counsel Only in accordance with this order within 10 days of the entry of this order by giving notice to the receiving party and furnishing a reproduction of the misidentified documents with their proper designation.

9. Until or unless the Court rules that anything designated as Confidential Information is not confidential or should be disclosed beyond the limits permitted by this Order, Confidential Information shall be disclosed only to the following persons:

a) This Court and its staff;

b)   Court reporters and their staff in performance of their duties connected to this action;

c)   Any particular person when the designating party agrees in writing;

d)   Former employees of the designating party, but only at a deposition and only to the extent that it appears from the face of the document containing Confidential Information that the witness authored or received a copy of it;

e)   Outside counsel for the respective parties, including their clerical, litigation support, and paralegal employees. As used herein, "outside counsel" shall mean, in the case of plaintiffs, Centillion Data Systems, LLC, the firm of Blank Rome LLP, and in the case of Citizens Communications Company, the firms of Mayer, Brown, Rowe & Maw LLP and Connolly, Bove, Lodge & Hutz LLP.

f)   Up to two in-house lawyers or foreign patent professionals for each party previously identified to the other party in writing. The clerical, litigation support and paralegal employees of such in-house lawyers need not be identified, but are bound by the terms of this agreement.

g)   Up to two party employees who will provide technical support during the litigation who have signed the Confidentiality Agreement in the form of Attachment A hereto: In the event there is a need to replace a party employee identified in this subsection (g) with another party employee, the party seeking the substitution shall request in writing the consent of the opposing party to the substitution, and such consent shall not be unreasonably withheld. The substituted party employee shall use Confidential Information solely for purposes appropriate to participation in this case and shall sign the Confidentiality Agreement in the form of Attachment A hereto prior to obtaining access to Confidential Information.

h) Expert consultants retained by counsel to assist in the preparation toward trial or trial of this action, including such experts' support staff normally employed by such experts in the course of their activities; provided, however, that:

1) Such expert is not a named inventor of any patent-in-suit;

2) Such expert is not currently an employee of a party or of an affiliated company to a party;

3) Counsel desiring to disclose Confidential Information to such an expert shall first obtain a signed Confidentiality Agreement in the form of Attachment A hereto; and,

4) In the case of an expert expected to testify at trial, Confidential Information shall not be disclosed to such a testifying expert for a period of ten (10) days after service on the designating party of a copy of the signed Confidentiality Agreement, along with the expert's curriculum vitae. If the designating party objects in writing to the disclosure of Confidential Information to such expert within ten (10) days after service of the signed Confidentiality Agreement and curriculum vitae and the objecting party moves within thirty (30) days of such objection to disqualify the identified expert, no disclosure shall be made to that expert without prior written approval of the Court or the designating party. The designating party shall have the burden of establishing the need for excluding such expert from access to the Confidential Information. Nothing in this paragraph shall prevent any party from moving to resolve an issue of expert qualification before the 30 day period prescribed above.

i) Translators of foreign language documents who are not employed by one of the parties and who are retained to provide translations of any Confidential Information requested by counsel for one of the parties, provided that the party first obtains a signed Confidentiality Agreement in the form of Attachment A hereto from each translator.

6

j)  Outside copy services and litigation support vendors such as jury consultants and graphics designers whose functions require them to have access to Confidential Information.

10. Until or unless the Court rules that anything designated as Outside Counsel Only is not properly designated or should be disclosed beyond the limits permitted in this Order, Outside Counsel Only information shall be disclosed only to those persons identified in paragraphs 9 (a)- (f), and (h)-(j).

11. Written or tangible material constituting or revealing Confidential Information, when filed with the Court in this action for any reason, shall be filed under seal and the courtesy paper copy shall be delivered to the Clerk's Office in a sealed envelope or other appropriate sealed container on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, the words "Confidential" and a statement substantially in the following form:

> This envelope contains documents filed in this case by [name of party] and is not to be opened nor the contents thereof to be displayed nor revealed except (1) by written agreement of the parties or (2) by Order of this Court. This paragraph shall not prevent a second copy of any such pleading or other document specifically intended for review by the Court from being hand-delivered to Chambers to assure prompt attention thereto, so long as reasonable safeguards are observed to maintain the confidentiality of the documents.

12. The Clerk of this Court is directed to place and maintain under seal in accordance with this Order any such pleading or other document filed with or delivered to this Court pursuant to Paragraphs 10 and 11 or any other provision hereof.

13. No Confidential Information shall be made part of a public record, except upon prior approval of the Court.

14. If a party receiving any Confidential Information or Outside Counsel Only information objects to such designation, such party shall first make its objection known to the designating party and request any change of designation that is desired. The parties will attempt to

7

117629.00166/40151291v1

resolve any challenge in good faith on an expedient and informal basis. The designating party may, at any time, withdraw the designation. Should counsel for a party determine that the designation issue requires the Court's attention for resolution, counsel shall so inform opposing counsel and discuss the dispute should counsel find they are unable to resolve the designation issue, they shall jointly call the Court to schedule a time for an office conference or telephone conference call to review the matter. Once a conference has been scheduled, each party may file with the Court prior to such conference a one-page letter memorandum setting forth the designation dispute and its position with respect thereto. Motions filed pursuant to Rules 26 and 37, Fed. R. Civ. P., without following the foregoing procedure shall be denied. After submission of the letter memoranda, should the Court find a formal motion and briefing are necessary, it shall establish an appropriate briefing schedule. The designating party shall have the burden of showing good cause as to why a "Confidential" designation under this Order should not be changed or removed. The information in issue shall continue to be treated as designated until the Court orders otherwise.

15. This Order shall be without prejudice to the right of either party to oppose production of any document or information for any reason other than confidentiality. This Order may be changed by further Order of the Court, and is without prejudice to the rights of any party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

16. In the event that any non-party shall be called upon, by subpoena or otherwise, to provide or produce documents or information considered Confidential Information by such non-party, such non-party may elect to be bound by the terms of this Order by notifying counsel for all parties in writing. Upon service of such notice such non-party may designate documents and information as "Confidential Information" in the manner set forth in this Order, and such non-party's Confidential Information shall be treated in the same manner as the Confidential

117629.00166/40151291v1

Information of a party to this action. In the event that a non-party who has elected to be governed by this Order is subpoenaed by this Court or another Court, such Court shall have jurisdiction to entertain and decide any motion regarding such non-party brought pursuant to this Order or otherwise enforce the provisions of this Order regarding such non-party.

17. Within sixty (60) days upon final termination of this action, each party or non-party or other person subject to the terms of this Order, with the exception of the Clerk of the Court, shall be under obligation to return or destroy all material designated as "Confidential" and "Outstid Counsel Only" under this Order and all copies thereof; provided, however, that the parties' outside counsel may retain pleadings filed in court, deposition and court transcripts or recordings, and any privileged communications or attorney work product containing Confidential Information, subject to the provisions of this Order.

18. Inadvertent disclosure of Confidential Information and Outside Counsel Only information, without identifying the same as confidential, shall not be deemed a waiver of confidentiality with regard to similar or related information nor shall it be deemed a waiver of confidentiality with regard to the information inadvertently disclosed, if called to the attention of trial counsel for the receiving party promptly and prior to further dissemination to anyone on behalf of the receiving party.

19. In the event that a producing party determines that material subject to privilege or immunity from discovery has been produced inadvertently, that party shall bring it to the attention of the receiving party. The inadvertently disclosed material and all copies shall he returned to the producing party without prejudice to the receiving party's claim that any privilege has been waived.

20. This Order shall survive and continue to be binding after the conclusion of this action. The Court shall retain jurisdiction to enforce this Order.

117629.00166/40151291v1

21. Each party or person bound by this Order shall be entitled to move for modification of this Order for good cause after notice to the other party, such as: (a) applying to the Court for relief therefrom or to permit access to additional persons or categories of persons; (b) applying to the Court for further or additional protective orders; or (c) agreeing between the parties to modify this Order, subject to approval of the Court. Prior to any such motion for modification, counsel shall attempt to reach agreement without resort to the Court.

22. Production or disclosure of Confidential Information under this Order shall not prejudice the right of any party making that production or disclosure to maintain the trade secret status or confidentiality of that Confidential Information in other contexts.

BLANK ROME LLP

Dated: March 9, 2005

*Dale R. Dubé*
Dale R. Dubé (I.D. #2863)
1201 Market Street, Suite 800
Wilmington, DE 19801
(302) 425-6400
dube@blankrome.com

- and -

/s/ Grant S. Palmer
Grant S. Palmer
BLANK ROME LLP
One Logan Square
Philadelphia, PA 19103
(215) 569-5500
palmer@blankrome.com

- and -

/s/ H. Keeto Sabharwal
H. Keeto Sabharwal
BLANK ROME LLP
600 New Hampshire Avenue, NW
Washington, DC 20037
(202) 772-5800
sabharwal@blankrome.com

Attorneys for Plaintiff
Centillion Data Systems, LLC

CONNOLLY, BOVE, LODGE & HUTZ LLP

Dated: March 9, 2005

/s/Arthur G. Connolly, III
Arthur G. Connolly, III (#2667)
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DC 19899
(302) 658-9141
ac3@cblhlaw.com

- and –

/s/Douglas L. Sawyer
Michael O. Warnecke
David R. Melton
Douglas L. Sawyer
MAYER, BROWN, ROWE & MAW LLP
190 South LaSalle Street
Chicago, IL 60603
(312) 782-0600
mwarnecke@mayerbrownrowe.com
dmelton@mayerbrownrowe.com
dsawyer@mayerbrownrowe.com

Attorneys for Defendant
Citizens Communications Company

117629.00166/40151291v1

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2005, I electronically filed CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER with the Clerk of Court using CM/EMF which will send notification of such filing(s) to the following:

> Arthur G. Connolly III, Esq.
> CONNOLLY BOVE LODGE & HUTZ LLP
> The Nemours Building
> 1007 North Orange Street
> Wilmington, DE 19801

I hereby certify that on March 5, 2005, I have sent by e-mail and Federal Express, the document to the following non-registered participant:

> Michael O. Warnecke
> David R. Melton
> Douglas L. Sawyer
> MAYER, BROWN, ROWE & MAW LLP
> 190 South LaSalle Street
> Chicago, IL 60603
> (312) 782-0600

*Dale R. Dubé*
Dale R. Dubé (I.D. No. 2863)
Blank Rome LLP
1201 Market Street, Suite 800
Wilmington, DE 19801
(302) 425-6400
dube@blankrome.com